### 27722. IVEY v. THE STATE.

HAWES, Justice. John Henry Ivey, Jr., pleaded "guilty" to two counts of armed robbery and two counts of carrying a concealed weapon. He was sentenced to serve ten years on each count, six years in the penitentiary and four on probation, and to serve one year on each misdemeanor count, the sentences all to run concurrently. At the second term of court after sentence was imposed, he filed a motion for a new trial on the general grounds only and a motion to withdraw his plea of guilty, alleging therein in substance that his pleas of guilty were coerced and that the lawyer whom he had employed to represent him did not afford him adequate and competent representation. On the hearing of those motions the trial judge heard evidence as to the contentions of the defendant with respect to the entry of the guilty pleas, overruled the motion for a new trial, and denied the motion to withdraw the guilty plea. The defendant appealed. *Held:*

1. We have carefully examined the evidence. It was in

conflict as to the material contentions of the defendant, but there was ample evidence, including the transcript of the guilty plea hearing, to show that the plea was freely and voluntarily entered and was not the result of any promises of reward or threats of punishment. There was evidence that his attorney, at the guilty plea hearing, was widely experienced in defending persons charged with felonies; that the attorney investigated the case and advised the accused as to his rights to a jury trial, to confront witnesses and to have witnesses produced in his own behalf, but advised him, based on the evidence which the state had against him, to plead "guilty," and that the guilty plea was entered as a result of this advice and not as a result of any threat or coercion by either the district attorney or by his own attorney. The evidence amply authorized the judgment denying the motion to set aside the plea.

2. At the guilty plea hearing, the judge who received and accepted the plea fully ascertained the fact of the guilt of the accused of the charges to which he pled guilty. Under these circumstances, it cannot be said that the trial judge was not authorized to accept the guilty plea and to impose sentence. The court properly overruled the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 13, 1973 — DECIDED APRIL 13, 1973.

*Neil L. Heimanson,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, Carter Goode, William M. Weller, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.