## 28326. THOMAS v. THE STATE.

SUBMITTED OCTOBER 10, 1973 — DECIDED OCTOBER 25, 1973.

Y. C. Thomas, *pro se.*

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Morris H. Rosenberg, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Assistant Attorneys General,* for appellee.

JORDAN, Justice. 1. We affirm. Appellant claims in his enumeration of error that (1) the trial court abused its discretion in overruling appellant's motion to withdraw his plea and (2) the appellant's plea of guilty was not constitutionally valid in that it did not conform with the requirements laid down in Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274). We cannot agree with either of these contentions. The enumerations of error are grounded on appellant's contention that he was not informed of his right to face his accusers and that he was not afforded his right of allocution. The first of these contentions is soundly refuted in the record of the hearing of which appellant complains. The following colloquy took place at said hearing: "Q. Do each of you understand that you have a right to face any witness against you and to be here whenever any witness testifies against you and to have your attorney ask any questions? Y. C. Thomas: Yes." Appellant claims that the trial judge denied him his right to allocution in that he did not ask the defendant directly if he had anything to say, thereby denying appellant his right to withdraw his pleas of guilty. However, it appears in the record that the trial judge inquired of appellant's attorney if he had anything to say, said inquiry being made in the presence of appellant.

Code § 27-1404 provides that an accused has the right to withdraw a plea of guilty at any time prior to the pronouncement of sentence by the trial judge. The appellant at no time prior to the pronouncement of sentence requested the withdrawal of his guilty plea although the record indicates there was ample opportunity to do so.

After the pronouncement of sentence a ruling on a motion to withdraw a guilty plea is within the sound discretion of the trial court, said discretion not to be disturbed on the appellate level unless manifestly abused. *Smith v. State,* 231 Ga. 23; *Marshall v. State,* 128 Ga. App. 413 (197 SE2d 161); *McCrary v. State,* 215 Ga. 887 (2) (114 SE2d 133); *Farmer v. State,* 128 Ga. App. 416 (196 SE2d 893); *Ware v. State,* 128 Ga. App. 407 (196 SE2d 896). It appears from the record that appellant here was informed of every right available to him under the Constitution, and that every effort was made to insure that appellant fully understood these rights. There was no abuse of discretion in denying appellant's motion to withdraw his guilty plea or his motion for a rehearing. The evidence amply supports a finding that appellant entered his plea of guilty knowingly, understandingly, and voluntarily.

*Judgment affirmed. All the Justices concur.*