### A10A0829. WALKER v. THE STATE.
(695 SE2d 375)

MIKELL, Judge.

Craig Walker, Jr., appeals the trial court's order denying his motion to withdraw his nonnegotiated guilty plea to the offenses of robbery and aggravated assault. Because we find no abuse of discretion in the trial court's denial of Walker's motion to withdraw, we affirm.

The record shows that on October 22, 2008, Clayton County issued a warrant for Walker's arrest for the armed robbery of a Wing Lab restaurant. The warrant alleged that Walker

> . . . did . . . commit the offense of ARMED ROBBERY . . . with intent to [commit] theft, did while acting in concert with Derrick McHenry take $400.00 from the person or immediate presence of Demetric Jackson an employee of Wing Lab . . . by the use of an offensive weapon being a chrome automatic handgun, by Mr. Henry [sic] walking up to the drive thru and pointing the gun at the cashier, Mr. Jackson and demanded money. Mr. Jackson ran toward the rear. Mr. Walker then climbed through the window and removed the money from the register and ran off.

At a hearing on May 7, 2009, the state agreed to reduce the charges against Walker and his co-defendant, McHenry, to robbery and aggravated assault. At the hearing, the trial court explained to Walker that it would sentence him as a first offender to twelve years, with ten years to be served in confinement and the balance on probation; the trial court expressly advised Walker that it would not accept the state's recommendation of ten years, with five to serve in

confinement. Following the hearing, at which he was represented by counsel, Walker elected to enter a guilty plea to both counts and was sentenced to twelve years, ten to serve in confinement. Four days later, Walker filed a motion to withdraw his guilty plea and a consented-to motion for withdrawal of counsel. Fifteen days later, new counsel filed another motion to withdraw Walker's guilty plea. Following a hearing, the trial court denied that motion. Walker appeals, contending that his plea was not voluntarily entered and was invalid because he was denied effective assistance of counsel.

> When a defendant enters a plea of guilty, and subsequently challenges the validity of the guilty plea, the state may meet its burden of demonstrating that the plea was intelligently and voluntarily entered by showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea. The trial court is the final arbiter of all factual issues raised by the evidence, and after sentence is pronounced a guilty plea may be withdrawn only to correct a manifest injustice.[1]

The trial court's ruling on a motion to withdraw a guilty plea after the sentence is pronounced will not be disturbed on appeal absent a manifest abuse of discretion.[2]

In this case, the state has met its burden by showing that Walker was cognizant of the rights he was waiving and of the possible consequences of his plea. As noted above, a review of the plea hearing reveals that before accepting Walker's plea, the trial court explained to him it would sentence him to twelve years, with ten to be served in confinement. The trial court explained that it would not accept the state's recommendation, and Walker acknowledged understanding that he faced up to twenty years in prison. The state recited the facts underlying the charges, which included that on September 30, 2008, McHenry came up to the drive-through window of the Wing Lab restaurant and pointed a gun at the cashier. When the cashier ran off, Walker entered the restaurant through the window and took $400 from the cash register. McHenry then entered the restaurant through a door and pointed a gun at an employee hiding behind the ice maker. Both men later confessed to the owner of the restaurant. On further examination by the trial court, Walker acknowledged that he understood the charges against him and that he understood that upon entry of a guilty plea, he would be waiving the right to a

---

[1] (Footnote omitted.) *Young v. State*, 267 Ga. App. 91 (598 SE2d 840) (2004).

[2] See *Jones v. State*, 268 Ga. App. 723, 724 (1) (603 SE2d 73) (2004).

trial by jury and other attendant rights. Walker acknowledged that he was represented by counsel, with whom he had a full opportunity to discuss the case and that he was satisfied with his counsel's performance. The trial court ascertained that Walker was not under the influence of mind-altering substances, had not been threatened or forced to plead guilty, had not been promised leniency, and understood he had the right to plead guilty or not guilty. Walker pled guilty to the charges and was sentenced to twelve years, ten to serve in confinement.

1. On appeal, Walker contends that the plea was the result of coercion by his attorney, his foster mother, McHenry's attorney, and the victim, and was, therefore, invalid. At the hearing on the motion to withdraw, Walker testified that he was coerced into taking the plea because he was told that if he did not take the plea McHenry would not receive a plea. Walker also testified that his attorney invited members of his family into the attorney booth before the plea hearing to convince him to take the plea. Walker testified that he did not want to plea; that he told his attorney he wanted to go to trial; and that his attorney told him he should fire him. Walker further testified that he did not realize he was attending a plea hearing; instead, he believed he was going to explain to the trial court why he wanted to fire his attorney.

Whether Walker suffered coercion or duress is a question of fact for resolution by the trial court, and this Court will reverse the trial court's ruling only if it constitutes an abuse of discretion.[3] The plea transcript "reflects a careful inquiry by the court showing that [Walker] fully understood the nature of the charges, the consequences of his plea, and the rights he was relinquishing."[4] Any contradiction between Walker's testimony during the plea hearing and his testimony during the motion hearing is a matter of witness credibility, which the trial court was authorized to decide against him. As the record shows that Walker knowingly, intelligently, and voluntarily entered his guilty plea, the trial court did not abuse its discretion in denying the motion to withdraw the plea.

2. Walker contends that he received ineffective assistance of counsel in entering his guilty plea. In this regard, Walker contends that his attorney (a) refused to file a motion to force the state either to indict or dismiss the charges against him; (b) refused to file a motion to sever; and (c) failed to examine the warrant, which was defective. Walker does not support these purported deficiencies with

---

[3] See *Niako v. State*, 271 Ga. App. 222, 226 (609 SE2d 154) (2005) (whether defendant's plea was involuntary because defendant was confused and scared at plea hearing was a fact issue for resolution by the trial court).

[4] (Punctuation and footnote omitted.) Id.

YALE LAW LIBRARY

any sort of argument or set forth how the alleged deficiencies caused him harm; however, since he testified about the issues at the hearing on the motion to withdraw, we will consider them to the extent possible.

A defendant challenging a guilty plea on the basis of ineffective assistance of counsel bears the burden of making a two-prong showing: "he must demonstrate that his counsel erred and also establish the reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[5] "The trial court's findings of fact are subject to a 'clearly erroneous' standard of review."[6]

At the hearing on the motion to withdraw, Walker testified that he told his attorney he wanted him to file "a motion to dismiss the charges against him or indict him." He also testified that he told his attorney to file a motion to sever because he did not want to "be in the same court with [McHenry]"; there was no evidence against him; and the state would use the same evidence against both men. Finally, Walker testified that the warrant is defective and that trial counsel never looked into the possibility of challenging the warrant. According to Walker, he did not know the "Mr. Henry" who was listed in the warrant.

(a) Walker contends that counsel was ineffective for failing to file a motion to dismiss the indictment. While Walker asserts that counsel was ineffective on this ground, he sets forth no legal basis for the filing of such a motion and makes no attempt to demonstrate how he was harmed by this alleged failure. "A mere conclusory allegation, without more, is insufficient to establish ineffective assistance of counsel."[7]

(b) Walker asserts that trial counsel should have filed a motion for severance from McHenry, his co-defendant, and that had such a motion been pursued by counsel, Walker would not have pled guilty. We find this claim meritless for two reasons. First, that Walker "just . . . didn't want to be in the same court with [McHenry]" is not sufficient grounds for severance. Second, in determining whether to grant a severance, a trial court should consider

> whether the number of defendants will create confusion of the evidence and the law applicable to each individual defendant, whether there is a danger that evidence admis-

[5] (Punctuation and footnote omitted.) *Robertson v. State*, 297 Ga. App. 228, 231-232 (2) (676 SE2d 871) (2009).

[6] (Citation, punctuation and footnote omitted.) *Norris v. State*, 277 Ga. App. 289, 294 (2) (626 SE2d 220) (2006).

[7] *Mora v. State*, 295 Ga. App. 641, 647 (3) (a) (673 SE2d 23) (2009).

sible against one defendant will be considered against another despite the cautionary instructions of the court, and whether the defenses of the defendants are antagonistic to each other or each other's rights.[8]

Although Walker complains that a motion for severance should have been filed because there was a danger that evidence admissible against McHenry would have been considered against him, Walker does not specify what evidence would have been used against him or how it would have harmed him. Accordingly, this claim is without merit.

(c) Lastly, counsel was not ineffective in failing to challenge the allegedly defective warrant. The first sentence of the warrant correctly states McHenry's name, and the reference to McHenry as "Mr. Henry" later in that same sentence was clearly a typographical error and "was not so material as to destroy the . . . validity of the warrant."[9] Trial counsel was not ineffective in failing to move to dismiss the indictment.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED MAY 12, 2010.

*Jonathan J. Majeske, Julian L. Sanders*, for appellant.

*Tracy G. Lawson, District Attorney, Anece Baxter-White, Elizabeth L. McCree, Assistant District Attorneys*, for appellee.

---

[8] (Footnote omitted.) *Moss v. State*, 275 Ga. 96, 97 (2) (561 SE2d 382) (2002).

[9] (Citation omitted.) *Scott v. State*, 213 Ga. App. 84, 86 (1) (444 SE2d 96) (1994). Accord *Fuller v. State*, 295 Ga. App. 439, 446 (7) (a) (672 SE2d 438) (2009).