## S12A0014. WALDEN v. THE STATE.

### (728 SE2d 186)

HUNSTEIN, Chief Justice.

James Mickey Walden pled guilty to felony murder on January 27, 2011 in connection with the arson that caused his stepfather's death.[1] On February 15, 2011, Walden filed a motion to withdraw his guilty plea, which the trial court denied. Finding that the plea was voluntary, we affirm. We further hold that Walden's claim of ineffective assistance of counsel is not properly before us on direct appeal since it was not raised below.

The charges in this case arise out of an incident that occurred on March 17, 2010. On that date, Walden went to his mother and stepfather's house. After arguing with his mother over money, he doused a portion of the house in a substance believed to be gasoline and set fire to the substance. Walden's stepfather died in the fire.

Walden was indicted on charges of malice murder, felony murder, two counts of first degree arson, aggravated assault on a peace officer, and possession of a firearm by a convicted felon. Despite pleading guilty to felony murder, Walden now claims that his plea was not voluntary as he was coerced into pleading guilty by his mother, sister, and attorneys. Additionally, he claims that he received ineffective assistance of counsel because the same attorneys represented him in both his plea hearing and the hearing on the motion to withdraw his guilty plea, preventing him from raising coercion by his attorneys as a ground for withdrawing his plea.

1. A defendant's right to a trial by jury is a fundamental constitutional right "that the defendant must personally, knowingly, voluntarily, and intelligently choose to waive." *Watson v. State*, 274 Ga. 689, 691 (2) (558 SE2d 704) (2002). A defendant has the right to

---

[1] The crimes occurred on March 17, 2010. Walden was indicted in Henry County on June 3, 2010. He pled guilty to felony murder and was sentenced to life in prison. His motion to withdraw his guilty plea, filed February 15, 2011, was denied April 7, 2011. Walden filed a notice of appeal on May 2, 2011. The appeal was docketed for the January 2012 term in this Court and was submitted for decision on the briefs.

withdraw a guilty plea up until the time the trial judge pronounces a sentence. *Thomas v. State*, 231 Ga. 298 (1) (201 SE2d 415) (1973). After sentencing, the decision on a motion to withdraw a guilty plea is within the sound discretion of the trial court and will not be disturbed absent manifest abuse. Id. at 300. See also *Foster v. State*, 281 Ga. App. 584 (1) (636 SE2d 759) (2006) (after sentencing, "withdrawal of a guilty plea is allowed only to correct a manifest injustice").

In accordance with his guilty plea, Walden signed a document called "Statement of Defendant Desiring to Enter Negotiated Plea." His initials appear on that form beside each right he was waiving by pleading guilty. Further, in the hearing on his motion to withdraw his guilty plea, he acknowledged that his attorneys reviewed the form with him and that he understood each of the rights that he waived. He also denied operating under any mental defect when he decided to plead guilty.

The sole reason that Walden contended in the trial court that his plea was not voluntary is that his mother and his sister coerced him into pleading guilty. At the appellate level, he added that his attorneys coerced him as well, but that he could not assert that reason below because the same attorneys represented him in his motion to withdraw his guilty plea. Both Walden's mother and sister testified at the hearing on his motion to withdraw his guilty plea that they believed a plea was in his best interest and strongly encouraged him to plead guilty. However, there is simply no evidence that his family members coerced Walden into pleading guilty. Rather, it appears that Walden discussed with his family at length that a trial would be difficult for his mother, who would undoubtedly be called as a witness for the State and would be subjected to seeing photos of her deceased husband. Walden and his family members also considered the risk of consecutive sentences and the potential for a sentence of life without parole. After considering these factors, Walden made an informed decision to accept a life sentence with the possibility of parole.

Given the lack of evidence supporting his claim of coercion, we find no manifest abuse of discretion in the trial court's denial of Walden's motion to withdraw his guilty plea. Entering a guilty plea as a result of advice received does not amount to coercion. See *Ivey v. State*, 230 Ga. 407 (1) (197 SE2d 366) (1973). It is clear from the hearing testimony of Walden, his mother, and his sister that all three considered a number of factors, including the emotional difficulty of a trial and the possibility of a harsher sentence, before determining that a guilty plea was the best course of action. While his mother and sister may have exerted some influence, Walden cannot now claim that his decision was not voluntary simply because he regrets the choice that he made.

2. Walden's second enumeration of error is that he received ineffective assistance of counsel because the same attorneys represented him in both his plea hearing and his motion to withdraw his guilty plea, which prevented him from asserting that his attorneys coerced his plea. He contends his attorneys' continued representation created a conflict that amounted to ineffective assistance of counsel. However, Walden did not raise the issue of ineffective assistance of counsel below. In the event that a defendant does not raise an ineffective assistance claim at the trial court level in a post-plea hearing, he may not file a direct appeal on that issue. *Coleman v. State*, 278 Ga. 493 (2) (604 SE2d 157) (2004). Once the term of court in which the plea was entered has expired, the proper remedy is to file a petition for a writ of habeas corpus. *Dupree v. State*, 279 Ga. 613, 614 (619 SE2d 608) (2005); *Carleton v. State*, 302 Ga. App. 29, 30 (2) (690 SE2d 426) (2010).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 29, 2012 —
RECONSIDERATION DISMISSED JUNE 25, 2012.

*Amanda R. Flora*, for appellant.

*Tommy K. Floyd, District Attorney, John A. Pipkin III, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.