## S13A0128. WRIGHT v. THE STATE.
### (742 SE2d 468)

HUNSTEIN, Chief Justice.

Jimmy Wayne Wright entered a guilty plea to the malice murders of James William Jackson and Tina Michelle McAdams and was sentenced to life without parole.[1] He filed a timely motion to withdraw his guilty plea, contending that he was coerced into entering the plea and his trial counsel were ineffective for failing to properly investigate the case. Because the trial court properly ruled that Wright made an intelligent, knowing, and voluntary plea of guilty and failed to show ineffective assistance of trial counsel, we affirm.

1. Wright contends that his guilty plea was involuntary because one of his two attorneys informed him that he was not going to receive a fair trial in Haralson County, he would be sentenced to death if he proceeded to trial, and he would never see his family again if convicted. Relying on the plea hearing transcript, negotiated plea agreement, and waiver of rights form, the trial court found that

---

[1] The crimes occurred on March 3, 2005. A Haralson County grand jury made a special presentment on May 3, 2005, charging Wright with two counts of malice murder, two counts of felony murder, and two counts of aggravated assault. The State filed a notice of intent to seek the death penalty. On March 17, 2008, Wright pleaded guilty to all six counts, and the trial court sentenced him to life imprisonment without parole on the two malice murder counts; the remaining four counts merged or were vacated by operation of law. On April 11, 2008, Wright filed a motion to withdraw his plea; a hearing was held on March 16, 2012; and the trial court denied the motion on July 3, 2012. Wright filed a timely notice of appeal in the Court of Appeals, which transferred the appeal to this Court on September 10, 2012. The appeal was docketed for the January 2013 term of this Court and submitted for decision on the briefs.

Wright had freely and voluntarily entered his plea of guilty with full knowledge, understanding, and advice of counsel.

To determine whether a guilty plea is valid, the record must show that the defendant understands the plea and the constitutional rights that he is relinquishing. *Boykin v. Alabama*, 395 U. S. 238 (89 SCt 1709, 23 LE2d 274) (1969). The State has the burden on direct review of establishing that the plea was entered intelligently and voluntarily. *King v. State*, 270 Ga. 367 (1) (509 SE2d 32) (1998). The State may meet this burden "by showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea, or by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary." (Citation and punctuation omitted.) *Loyd v. State*, 288 Ga. 481, 485 (2) (b) (705 SE2d 616) (2011). After sentencing, the decision on a motion to withdraw a guilty plea is within the trial court's discretion, and withdrawal of the plea is allowed only when necessary to correct a manifest injustice. *Walden v. State*, 291 Ga. 260 (1) (728 SE2d 186) (2012); Uniform Superior Court Rule (USCR) 33.12.

In this case, the negotiated plea agreement, waiver of rights form, and testimony from the guilty plea hearing and hearing on the motion to withdraw establish that Wright was advised of his constitutional rights and freely entered his plea of guilty. The record shows that Wright was 37 years of age, had completed the ninth grade, was able to read and write, was not under the influence of drugs or alcohol, did not have any mental health problems, and had not been threatened by anyone to plead guilty. The trial court informed Wright of the constitutional rights that he was waiving by entering a guilty plea, including the right to a trial by jury, the right to confront witnesses, and the right against self-incrimination. See *Boykin*, 395 U. S. at 243; USCR 33.8 (B). Wright acknowledged that he understood those rights and was waiving them; he placed his initials next to each line on the negotiated plea agreement and waiver of rights form, which his attorneys had discussed at length with him. Based on the State's presentation of the evidence it expected to present at trial, the trial court determined that there was a factual basis for Wright's plea, and Wright agreed that the facts recited were accurate. Wright also acknowledged that he was guilty of the charges, understood the State's recommendation of a sentence of life without parole, and was freely and voluntarily entering his guilty plea in accordance with the negotiated plea agreement. See USCR 33.7.

The only evidence that the plea was not voluntary is Wright's testimony at the hearing on his motion to withdraw, which was contradicted by the testimony of trial counsel who served as the lead

attorney in the plea negotiations. That counsel testified that he gave his realistic assessment of the likelihood that Wright would receive the death penalty and never spoke with certainty to Wright about any specific outcome. Recognizing the conflict in this evidence, the trial court chose to accept the testimony of trial counsel. We conclude that the record shows the trial court correctly found that Wright was fully advised of his rights and freely and voluntarily waived those rights. See *Walden*, 291 Ga. at 261 (entering a guilty plea as a result of counsel's advice does not amount to coercion); *Stinson v. State*, 286 Ga. 499 (2) (689 SE2d 323) (2010) (trial court authorized to reject defendant's version of events and credit testimony of his counsel).

2. To establish a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). In the guilty plea context, the defendant must show that "counsel's representation fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Citation and punctuation omitted.) *Hill v. Lockhart*, 474 U. S. 52, 57-59 (106 SCt 366, 88 LE2d 203) (1985). Concerning the adequacy of investigations, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary," with deference given to counsel's judgment. (Citation and punctuation omitted.) *Wiggins v. Smith*, 539 U. S. 510, 521-522 (II) (A) (123 SCt 2527, 156 LE2d 471) (2003). On appeal, we accept the trial court's factual findings and credibility determinations unless they are clearly erroneous and independently apply the legal principles to the facts. *Suggs v. State*, 272 Ga. 85 (4) (526 SE2d 347) (2000).

Wright alleges that both of his trial counsel were ineffective for failing to properly investigate the facts before advising him to plead guilty, arguing that a proper investigation might have uncovered evidence that someone other than Wright was the actual shooter or that one victim had associates who wanted her dead. He does not, however, identify a new line of inquiry that counsel should have undertaken or offer any evidence that further investigation would have uncovered. At the hearing on the motion to withdraw, one of his attorneys testified that he reviewed the State's discovery and the results of the defense's investigation, including information gathered by the mitigation investigator. In addition, he and co-counsel met several times with Wright and discussed the forensic evidence, potential witnesses, and possible defenses with him. In particular, the defense team explored the possibility that one witness had a

connection to the police department related to drugs, but trial counsel could not uncover evidence to substantiate this potential defense. Because trial counsel did not perform deficiently in representing Wright, we conclude that the trial court did not abuse its discretion in denying Wright's motion to withdraw his guilty plea.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 2013.

*Jerry Mac Pilgrim*, for appellant.

*Robert E. Brooks, Jr., District Attorney, Gary D. Bergman, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Kenneth W. Mishoe, Assistant Attorney General*, for appellee.