**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**September 12, 2013**

# In the Court of Appeals of Georgia

A13A1255. WALKER v. THE STATE.                                    DO-047 C

DOYLE, Presiding Judge.

Jerry R. Walker entered a negotiated guilty plea to one count of possession of methamphetamine[1] and was sentenced to ten years to serve three years in confinement. Walker thereafter filed a timely motion to withdraw the guilty plea, which the trial court denied. He appeals, contending that the trial court erred by denying his motion because plea counsel performed ineffectively. We affirm for the reasons that follow.

A defendant's right to a trial by jury is a fundamental constitutional right that the defendant must personally, knowingly, voluntarily, and intelligently choose to waive. A defendant has the right

---

[1] OCGA § 16-13-30 (a). Walker was originally indicted for possession of methamphetamine with intent to distribute pursuant to OCGA § 16-13-30 (b).

to withdraw a guilty plea up until the time the trial judge pronounces a sentence. After sentencing, the decision on a motion to withdraw a guilty plea is within the sound discretion of the trial court and will not be disturbed absent manifest abuse.[2]

Moreover, "[a] defendant who pleads guilty and seeks to overturn his conviction because of counsel's errors must show both that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[3]

At the plea hearing, Walker agreed that the State could prove the following facts had the case proceeded to trial. On February 4, 2011, members of a drug task force unit executed a warrant for Walker's arrest on unrelated charges at his home where Walker was sleeping at the time. The officers observed a digital scale and multiple quantities of methamphetamine in tennis shoes on the floor beside Walker, and neither Walker nor his girlfriend who was also present claimed ownership of the drugs at that time. Although Walker's girlfriend (who was also charged as a co-

---

[2] (Citations and punctuation omitted.) *Walden v. State*, 291 Ga. 260, 260-261 (1) (728 SE2d 186) (2012).

[3] (Punctuation omitted.) *Jackson v. State*, 285 Ga. 840, 841 (2) (684 SE2d 594) (2009), quoting *Rios v. State*, 281 Ga. 181 (2) (637 SE2d 20) (2006).

defendant) later claimed that the drugs were hers, the State had evidence of Walker's admission that he was supplying friends with methamphetamine and that he was addicted to the drug, which addiction he again claimed to have after the State's factual proffer.

In this case, the negotiated plea agreement, waiver of rights form, and testimony from the guilty plea hearing and hearing on the motion to withdraw establish that Walker was advised of his constitutional rights and freely entered his guilty plea.

1. Walker first claims that his plea was involuntary because plea counsel informed Walker that unless he pleaded guilty, his pregnant girlfriend would likely give birth to his child in prison, and the two likely would lose custody of the child permanently. We discern no error.

At the hearing on the motion to withdraw the guilty plea, Walker's plea counsel testified that she explained to Walker that he would likely receive a prison sentence regardless of whether he was acquitted of the instant charge because his probation likely would have been revoked. Moreover, when approached by Walker concerning the care of his unborn child should both he and his girlfriend go to prison if both were convicted of the possession charge, counsel explained that one of the possibilities was

3

that the child would go into the custody of the Department of Family and Children Services. "Entering a guilty plea as a result of advice received does not amount to coercion."[4] Simply because this ancillary consequence of going to trial may have influenced him, Walker "cannot now claim that his decision was not voluntary simply because he regrets the choice that he made."[5]

Moreover, while Walker implies that his plea counsel was somehow deficient for failing to represent his best interests by advising him about the custody of the unborn baby should his girlfriend go to prison, he has failed to establish that he would have gone to trial otherwise. The record establishes that although Walker was aware of all the possible outcomes of trial, including acquittal if the jury believed his girlfriend's testimony that the drugs were hers,[6] and he chose to negotiate a plea instead. Moreover, the first offer from the State would have resulted in a plea of ten

---

[4] *Walden*, 291 Ga. at 261 (1), citing *Ivey v. State*, 230 Ga. 407 (1) (197 SE2d 366) (1973) (claims of coercion by prosecutor and plea attorney were belied by record, which established that defendant knowingly and voluntarily entered his plea, and were therefore insufficient to establish that trial court erred by denying motion to withdraw guilty plea).

[5] *Walden*, 291 Ga. at 261 (1).

[6] We note that, as presented in the factual proffer at the plea hearing, the jury would have heard evidence contradicting the girlfriend's statements and suggesting by the location of the drugs at the home that the drugs belonged to Walker.

4

years with eight to serve, rather than the three years to serve as a result of this negotiated plea.

2. Walker also contends that the trial court erred by denying his motion because his plea counsel failed to prepare adequately for trial and secure the attendance of two witnesses on his behalf — Patricia Huggins and a Department of Family and Children Services worker.

Walker's plea counsel testified that she met with him more than almost any client she had represented, and she filed numerous pre-trial motions, including a motion to suppress, a speedy trial demand, and a motion to sever the case from that of his co-defendant girlfriend. Counsel also testified that her investigator attempted to contact these two witnesses prior to trial, but she was unable to locate them. Finally, Walker has completely failed to provide any sort of proffer as to the expected testimony of the two witnesses or how that testimony would have resulted in him proceeding to trial rather than taking the negotiated plea with substantially less time in custody than the previous State offer.[7]

Accordingly, Walker's enumerations are without merit.

---

[7] See *Heard v. State*, 291 Ga. App. 550, 556 (4) (a) (662 SE2d 310) (2008); *Ross v. State*, 231 Ga. App. 793, 796 (1) (499 SE2d 642) (1998).

*Judgment affirmed. McFadden and Boggs, JJ., concur.*