**SECOND DIVISION
ANDREWS, P. J.,
MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**March 6, 2015**

# In the Court of Appeals of Georgia

A14A2293. HOWER v. THE STATE.

McFADDEN, Judge.

Jontae Hower appeals the denial of his motion to withdraw his guilty plea. He argues that he did not enter his plea freely and voluntarily, but the trial court found otherwise and Hower has not shown error. Hower argues that his right to be present was violated when the state and his attorney engaged in plea negotiations outside of his presence. The plea negotiation here, however, was not a critical phase of the trial at which Hower had the right to be present. We therefore affirm the trial court's denial of Hower's motion.

Hower was charged with aggravated child molestation but entered a guilty plea to the lesser included offense of child molestation. He was sentenced to 20 years, to

serve 12 years in custody with the balance on probation. Hower filed a timely motion to withdraw his plea. The trial court denied the motion, and Hower filed this appeal.

1. *The record supports the trial court's finding that Hower entered his plea freely and voluntarily.*

Hower argues that his plea was not free and voluntary because counsel told him he *would* be found guilty if he went to trial; he was not told that he would be required to register as a sex offender; and he was not told that he would spend the remainder of his life on probation.

The trial court did not err by rejecting these agreements.

A guilty plea is valid if the record shows that

the defendant understands the plea and the constitutional rights that he is relinquishing. *Boykin v. Alabama*, 395 U. S. 238 (89 SCt 1709, 23 LE2d 274) (1969). The [s]tate has the burden on direct review of establishing that the plea was entered intelligently and voluntarily. The [s]tate may meet this burden by showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea, or by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary. After sentencing, the decision on a motion to withdraw a guilty plea is within the trial court's discretion and withdrawal of the plea is allowed only when necessary to correct a manifest injustice.

*DeToma v. State*, 296 Ga. 90, 91 (1) (765 SE2d 596) (2014) (citations and punctuation omitted).

Hower argues that his plea was coerced by fear. He testified at the hearing on his motion to withdraw his plea that his trial counsel told him that if he did not take the plea, he *would* receive 25 years in prison. Trial counsel disputed this, testifying that she did not tell Hower that he would be found guilty, that he would receive 25 years to serve, or that there was nothing that she could do to prove his innocence. Moreover, at the guilty plea hearing, Hower testified that no threats or promises had been made to influence him to plead guilty. The trial court "was authorized to reject [Hower's] version of the facts and credit instead the testimony of his counsel." *Stinson v. State*, 286 Ga. 499, 501 (2) (689 SE2d 323) (2010) (citations and punctuation omitted).

Hower argues that he did not enter his plea knowingly because he was not told that he would have to register as a sex offender or serve the remainder of his life on probation. Contrary to Hower's claims, a review of the guilty plea hearing transcript shows that, before Hower entered his plea, the assistant district attorney expressly notified him that he would be required to register as a sex offender and, after serving 12 years, would spend the balance of his 20-year sentence on probation. (It is not

clear what Hower means when he asserts that he was not informed that he will spend "the remainder" of his life on probation. ) "We conclude that the record shows the trial court correctly found that [Hower] was fully advised of his rights and freely and voluntarily waived those rights." *Wright v. State*, 292 Ga. 825, 827 (1) (742 SE2d 468) (2013) (citations omitted).

Hower argues that the transcript of the guilty plea hearing demonstrates that the trial court did not have before it a factual basis for accepting the plea as required by Uniform Superior Court Rule 33.9 ("Notwithstanding the acceptance of a plea of guilty, the judgment should not be entered upon such plea without such inquiry on the record as may satisfy the judge that there is a factual basis for the plea."). A review of the transcript of the plea hearing shows that prior to the plea colloquy, the assistant district attorney reminded the court that they already had conducted a pretrial hearing. The trial court expressly referenced the pretrial hearing at which, as Hower's attorney conceded at the hearing on the motion to withdraw, the facts of the case were discussed. The trial court also expressly found that there was a factual basis for the plea. Under these circumstances, Hower has not shown that there was an inadequate factual basis for his plea. See *Adams v. State*, 285 Ga. 744, 747 (4) (a) (683 SE2d 586) (2009) (trial court, who presided over the earlier trial of appellant's co-indictee

4

for the same offenses, was familiar with the facts and the court's acceptance of the plea was deemed a factual finding that there was an adequate factual basis for the plea).

2. *Hower's absence from plea negotiations*.

Hower argues that he was not present for a critical part of the proceedings, certain plea negotiations. The record of the guilty plea hearing demonstrates that he was absent from the courtroom when defense counsel, the assistant district attorney, and the court discussed a potential sentence should Hower plead guilty. The trial court had Hower brought back into the courtroom and expressly advised him of the content of the discussion.

The right to be present attaches "at any stage of [a] criminal proceeding that is critical to its outcome if [the defendant's] presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U. S. 730, 745 (III) (107 SCt 2658, 96 LE2d 631) (1987) (defendant's rights were not violated when he was absent from a hearing to determine the competency of two child witnesses against him). "[Our Supreme] Court has determined that a critical stage in a criminal prosecution is one in which a defendant's rights may be lost, defenses waived, privileges claimed or waived, or one in which the outcome of the case is substantially affected in some

5

other way." *Huff v. State*, 274 Ga. 110, 111 (2) (549 SE2d 370) (2001) (citation and punctuation omitted) (holding that charge conference is not a proceeding at which a defendant has an unequivocal right to be present). See also *Lyde v. State*, 311 Ga. App. 512, 515-516 (1) (716 SE2d 572) (2011) (discussion of legal argument outside presence of defendant is not stage of proceeding at which defendant's rights to fair trial are at risk).

Because Hower's rights could not have been lost, his defenses waived, any privileges claimed or waived, or the outcome of the case substantially affected because of the plea negotiation from which he was absent – particularly when Hower himself had the absolute authority either to accept or reject the proposed plea deal – he has not shown that his absence violated his constitutional right to be present at all critical stages of his trial. See *Powell v. United States*, 2008 U.S. Dist. LEXIS 91381, *8 (E.D. Cal. Sept. 11, 2008) ("Petitioner cites none and the [c]ourt is unaware of any authority that a convicted defendant has any constitutional right to be present during plea negotiations between the prosecutor and defense counsel."); *People v. Harris*, 222 AD2d 522, 523 (1995) (defendant's absence from a pretrial conference to discuss a possible plea agreement did not violate his right to be present); *Kruse v. State*, 177 NW2d 322, 326 (Wis. 1970) (conferences in chambers, including plea negotiation,

from which defendant was absent "cannot be considered part of any trial in the sense of one's constitutional right to be present when acquiescence to the plea agreement must be made in court and recorded. . . .").

*Judgment affirmed. Andrews, P. J., and Ray, J., concur.*