**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 12, 2019**

# In the Court of Appeals of Georgia

A18A2122. GIDDENS v. THE STATE.

McMILLIAN, Judge.

McGraw Colby Giddens was indicted on one count of aggravated sexual battery, one count of aggravated child molestation, and four counts of child molestation. Pursuant to a negotiated plea, he pleaded guilty to one count of sexual battery and four counts of child molestation.[1] Shortly after he was sentenced, Giddens filed a motion to withdraw his plea, and following an evidentiary hearing, the trial court denied Giddens' motion. He appeals, arguing in related enumerations that the withdrawal of his plea was necessary to correct a manifest injustice; the trial court erred in finding a factual basis for his plea; and the superior court impermissibly

---

[1] The aggravated sexual battery charge was reduced to felony sexual battery, the aggravated child molestation count was reduced to child molestation, and one of the remaining four counts of child molestation was nolle prossed.

participated in the plea negotiations.[2] As more fully set forth below, we find these contentions to be without merit and affirm.

1. In three related enumerations of error, Giddens argues that the trial court should have allowed the withdrawal of his plea to correct a manifest injustice because the State failed to meet its burden of proof to show that his plea was knowingly, voluntarily, and intelligently entered. "After sentencing, the decision on a motion to withdraw a guilty plea is within the trial court's discretion, and withdrawal of the plea is allowed only when necessary to correct a manifest injustice." (Citations omitted.) *Wright v. State*, 292 Ga. 825, 826 (1) (742 SE2d 468) (2013). "The test for manifest injustice will by necessity vary from case to case, but it has been said that withdrawal is necessary to correct a manifest injustice if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges." (Citation omitted.) *Allen v. State*, 333 Ga. App. 853, 855 (2) (777 SE2d 699) (2015). "A decision on a motion to withdraw a guilty plea is a matter for the sound discretion of the trial court and will not be

[2] Giddens has filed a motion to strike the State's brief because it was not timely filed. The State acknowledges that its brief was not timely filed, but requests that we exercise our discretion and consider the untimely filed brief. In the exercise of our discretion, we decline to strike the State's brief.

disturbed absent a manifest abuse." (Citation omitted.) *MyGuyton v. State*, 298 Ga. 351, 353 (1) (a) (782 SE2d 21) (2016).

(a) Giddens argues that his plea was not knowingly made because he was "unaware of the charges to which he entered the plea" and because the factual bases for the crimes to which he was pleading guilty were not sufficiently set out on the record. However, at the hearing on the motion to withdraw, Giddens' plea counsel[3] testified that he "absolutely" discussed with Giddens the counts he was pleading to, and the plea hearing transcript shows that Giddens acknowledged that he understood the charges against him *and* the charges to which he was pleading guilty, which were reviewed with him on the record. Further, Giddens' attorney testified at the plea withdrawal hearing that he wanted to make sure that Giddens understood the differences between the charges set out in the indictment and the reduced charges offered in the plea so he could understand the consequences when making his choice whether to accept the offer or go to trial. And although he had not signed the indictment prior to entering his plea, at the plea hearing he acknowledged that he had

---

[3] For ease of reference, we will refer to the attorneys that represented him at the plea stage of the proceedings as his attorney or attorneys with the understanding that these lawyers represented him at the plea stage of the hearing not the plea withdrawal stage.

"reviewed and viewed" the indictment with counsel, and he signed both the waiver of indictment and plea agreement at the time he entered his plea, both of which set out the charges to which he was pleading guilty. Further, his attorney also testified at the withdrawal hearing that he had several discussions in different contexts about the consequences of the charges.

In further support of his argument that he entered the plea without knowing the facts, Giddens asserts that neither he nor his attorney stated any facts on the record that would constitute a crime nor did they stipulate to a factual basis for the guilty plea crimes. But it is not required that the accused or his counsel state a factual basis for the crime on the record. What is required is that the trial court make itself aware of the factual basis for the plea. See Uniform Superior Court Rule 33.9.[4] Here, the prosecuting attorney adequately set out the factual bases for the crimes by summarizing the underlying facts on the record – the victim was under the age of 16

---

[4] Giddens argues in a separate enumeration that the trial court abused its discretion by finding that he waived the right to argue lack of a factual basis because he did not raise it in his motion to withdraw and did not otherwise provide the State with notice of his intent to raise this issue prior to the plea withdrawal hearing. Although the trial court did state in its order that the issue was waived, it alternatively found that the State presented, and the trial court was made aware of, the factual basis for the plea. Since the trial court considered this issue on the merits, we need not consider whether the trial court improperly found waiver.

4

and working at a business owned by Giddens' family at the time she said Giddens engaged in sexual contact with her – and then referring to the indictment for the details of the sexual contact, which were explicitly set out as to each count and adequately showed the elements of the charges to which Giddens pleaded guilty, which were either the same as those set out in the indictment or lesser crimes. After this recitation, the trial court asked Giddens whether this is what happened as it related to the reduced charges to which Giddens was pleading and Giddens answered in the affirmative. Because the record supports that the trial court was made aware of the factual basis of the plea and that Giddens was aware of the facts underlying the charges, this contention is without merit. *Adams v. State*, 285 Ga. 744, 748 (4) (b) (683 SE2d 586) (2009) ("We have recognized that an indictment alone may contain enough information to establish that the facts alleged by the State 'actually satisfied the elements of the charges to which a defendant was pleading guilty.'") (citation omitted); *Green v. State*, 265 Ga. 263, 265 (2) (454 SE2d 466) (1995) (finding "that the indictment provided ample information from which the trial court could discern the facts alleged by the state actually satisfied the elements of the charges to which [defendant] was pleading guilty"); see also *Romano v. State*, 272 Ga. 238 (527 SE2d

5

184) (2000) (although indictment not read into record, sufficient factual basis where defendant stated he read the indictment and understood the charges).

Although Giddens also finds it significant that his attorney could not remember the precise conversation he had with Giddens about the mandatory minimum sentencing guidelines for each count, the attorney did testify that he talked to Giddens about the "minimums" and that there was not a doubt in his mind that the maximum sentences were also discussed with Giddens. Further, the record unequivocally shows that Giddens had been thoroughly informed of the possible range of sentencing, including the mandatory minimums, earlier in the day at a plea status hearing, as reflected by the transcript from that in-chambers proceeding during which the trial court explained to Giddens that she would not have any discretion to the extent he was convicted of any offense with a mandatory minimum sentence. Thus, we find no merit to this assertion.

(b) Giddens next argues that the trial court improperly shifted the burden of proof to show that his plea was knowingly, voluntarily, and intelligently entered. Our law is well established that

> Where the validity of a guilty plea is challenged, the State bears the burden of showing that the plea was voluntarily, knowingly, and

intelligently made. The State may do this by showing through the record of the guilty plea hearing that (1) the defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea.

(Citation omitted.) *Jones v. State*, 268 Ga. App. 723, 724 (1) (603 SE2d 73) (2004). The trial court specifically cited this standard in its order denying Giddens' motion to withdraw and clearly and appropriately applied it in denying the motion to withdraw. Further, although Giddens points to various factors that he contends cast doubt or suspicion on his plea, the trial court addressed these contentions and, based on the record before us, properly rejected them as meritless.

Specifically, as to the issue of whether Giddens and his attorneys were given sufficient time to consider the plea recommendation before accepting it, Giddens' attorney testified that although the period of time in which to consider the plea was "confined," due to the fact that the plea negotiations were taking place in the middle of trial after the jury had been selected, he also believed that the court did not pressure them to reach a decision and that the court gave them an adequate amount of time to discuss the plea offer. The record also reflects that the final plea offer was made before lunch, and upon request by Giddens, the trial court permitted Giddens

7

to confer with counsel about the offer over the lunch break. Thus, we find Giddens' contention that his plea was not freely, voluntarily, and knowingly made due to time pressure to be without merit.

(c) Giddens also argues that the State failed to prove that his plea was not the product of duress or undue influence. Giddens had previously rejected two plea offers, and he asserts that his plea resulted from duress by one of his attorneys who did not testify at the motion hearing and the influence of his father. Although the record shows that Giddens' plea withdrawal counsel attempted to elicit testimony that there was tension between Giddens and the plea attorney who did not testify, the record reflects at most that the other plea counsel intervened in the discussion about the plea offer to get everyone back on track. Further, one of his plea attorneys testified at the hearing on the motion to withdraw that he had no concerns about the voluntariness of Giddens' plea and that the pivotal difference between the plea recommendation that Giddens ultimately accepted and the previous offers was that the State lowered the amount of incarceration time.[5]

---

[5] The initial plea offer was for a sentence of 15 years, serve 8 with the remainder on probation. On the morning of trial, the State made an offer of 15 to serve 5. Shortly thereafter, the State dropped another year of the time served, and offered 15 to serve 4. This was the offer that was accepted and upon which sentence was imposed.

As for the contention that Giddens' father unduly influenced him to take the plea, our Supreme Court has recognized that entering a guilty plea as a result of advice of counsel or pressure from family members does not amount to coercion. *DeToma v. State*, 296 Ga. 90, 92 (1) (765 SE2d 596) (2014). "[T]he State's burden is to show that a guilty plea was entered intelligently and voluntarily, . . . there is not burden on the State to show that, *before* entering a plea, a defendant resolved to do so without wavering or agonizing over the decision, or that *after* his plea, he had no second thoughts as to entering it." (Citation omitted.) Id. at 92-93 (1). Giddens' father testified that Giddens was at first adamant he would not take the initial plea offer and he encouraged his son to take the plea, but the father ultimately acknowledged that when it came down to it, it was Giddens' decision to make.[6] Based on the foregoing, the trial court did not manifestly abuse its discretion by denying the motion to withdraw on this basis. Id.

2. Lastly, citing *Winfrey v. State*, 304 Ga. 94 (816 SE2d 613) (2018), Giddens argues for the first time on appeal that the trial court improperly participated in the plea negotiations in violation of USCR 33.5 (A) when it failed to correct the

---

[6] The record shows that at the time he entered his plea, Giddens was twenty-two years old, married and lived on his own.

impression left by the State's remarks that he would receive a life sentence if he went to trial and lost, which he contends resulted in an involuntary plea. Pretermitting the timeliness of this assertion,[7] we find it to be without merit.

The record shows that the morning that jury selection was to begin, proceedings were held in chambers at defense counsel's request to make a record of the status of the plea negotiations, specifically, the State's plea recommendation and Giddens' rejection of that offer. At that time, the State set out the charges against Giddens and stated the minimum and maximum sentences for each offense. The prosecuting attorney then concluded, "So all in all, the Court *could* give up to two life sentences and up to 80 years in prison, all of those to run consecutive to each other." (Emphasis supplied.)

Contrary to Giddens' assertion on appeal, the State did not explicitly *or implicitly* inform Giddens that he *would* receive the maximum sentence if he went to trial and lost. Instead, this case is akin to *State v. Hayes*, 301 Ga. 342 (801 SE2d 50) (2017), where the Supreme Court concluded that "telling a defendant that he *could* be sentenced *up to* [the maximum sentence for the offense] is not the same as telling

___

[7] Although Giddens does not directly acknowledge that this argument was raised for the first time on appeal, he does point out in his brief on appeal that *Winfrey* was not decided until after the trial court denied his motion to withdraw.

10

a defendant that he *would be* sentenced to [the maximum sentence]." Id at 345 (1). That is what the prosecuting attorney said in this case – that "the Court *could give . . . up to"* the maximum sentence, not that it would give such a sentence. We also note that the trial court explicitly told Giddens:

> I don't get in the middle of plea negotiations. I'm prohibited from doing that; but what I do like to make sure that defendants understand in a case like this with those particular type charges, a lot of people say, well maybe we'll come back in sentencing and they like to use the phrase throw myself on the mercy of the court, okay? In these particular cases, I do not have any discretion. It is a minimum 25 years, okay?

Giddens responded affirmatively. In these circumstances, we reject Giddens' argument that the trial court impermissibly participated in the plea discussions. Accordingly, we find this enumeration to be without merit.

*Judgment affirmed. Barnes, P. J., and Reese, J., concur.*