**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY , JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 9, 2014**

# In the Court of Appeals of Georgia

A14A0540. YOUNG v. THE STATE.

MCFADDEN, Judge.

John Young appeals from a trial court order dismissing his motion to withdraw a guilty plea. Because the motion was filed within the same term of court as the written sentence entered on the guilty plea, it was timely; and the trial court erred in ruling that he lacked jurisdiction to consider it. We therefore reverse.

On July 15, 2013, in Bulloch County Superior Court, Young pled guilty, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (91 SCt 160, 27 LE2d 162) (1970), to robbery, false imprisonment, possession of a firearm during commission of a crime, and possession of a firearm by a convicted felon. At the conclusion of the plea hearing, the trial court announced that it found the state's sentencing recommendation to be appropriate, stating: "As to count one, twenty to serve. Count two, five

concurrent. Count three, five consecutive. And Count four, five concurrent." However, the court did not enter a final disposition or written sentence on that date. Instead, more than a month later, on August 21, 2013, the trial court signed the final disposition and sentence, which then was not filed until almost a week later on August 27, 2013. In October 2013, Young filed a pro se motion to withdraw his guilty plea, claiming ineffective assistance of counsel.

The trial court dismissed the pro se motion to withdraw the guilty plea. In its written dismissal order, the trial court quoted the Georgia Supreme Court's holding in *Davis v. State*, 274 Ga. 865 (561 SE2d 119) (2002), that "when the term of court has expired in which a defendant was *sentenced* pursuant to a guilty plea, the trial court lacks jurisdiction to allow the withdrawal of the plea." (Citations and punctuation omitted; emphasis supplied.) The trial court then reasoned, "[i]nasmuch as the Defendant's motion was filed outside the term of court in which the *guilty plea was entered*, this Court is without jurisdiction to entertain the motion." (Emphasis suppled.) Young filed a timely pro se appeal from the dismissal order.

"The court terms for the Superior Court of Bulloch County begin on the first Mondays in February, May, August, and November. OCGA. § 15-6-3 (30) (A)." *Tremble v. Tremble*, 288 Ga. 666, 668 (1) n. 3 (706 SE2d 453) (2011). So Young's

2

2013 guilty plea in this case was entered during the May term of court. But as noted above, while the trial court orally announced at the plea hearing that it found the state's recommended sentence to be appropriate, it did not actually enter the sentence at that time.

"An oral declaration as to what the sentence shall be is not the sentence of the court; the sentence signed by the judge is. [Cit.]" *Curry v. State*, 248 Ga. 183, 185 (4) (281 SE2d 604) (1981). See also *Bell v. State*, 294 Ga. 5, 8-9 (2) (749 SE2d 672) (2013) (sentence signed by the judge, not his oral declaration, is the sentence of the court). Indeed, the "criminal proceedings against appellant were [still] pending in the trial court until such time as his sentence was entered in writing and became final." *Crolley v. State*, 182 Ga. App. 2, 3 (1) (354 SE2d 864) (1987) (punctuation omitted). Because the judge did not sign and enter the written sentence until the end of August 2013, Young was not sentenced pursuant to the guilty plea until the August 2013 term of court, which began on the first Monday of that month. See OCGA § 15-6-3 (30) (A).

It is well-settled that a "motion to withdraw a guilty plea must be filed within the same term of court as the sentence entered on the guilty plea." *Lay v. State*, 289

Ga. 210, 212 (2) (710 SE2d 141) (2011) (citation omitted). And as the trial court here noted,

> when the term of court has expired in which the defendant was sentenced pursuant to a guilty plea, the trial court lacks jurisdiction to allow the withdrawal of the plea. Once the term of court in which a defendant was sentenced has expired, the only available means for an appellant to withdraw his guilty plea is through habeas corpus proceedings.

*Dupree v. State*, 279 Ga. 613, 614 (619 SE2d 608) (2005) (citation omitted).

However, the trial court then erred in its analysis by reasoning, not that Young had filed his motion to withdraw his guilty plea outside the term of court when he was *sentenced*, but that his "motion was filed outside the term of court in which the *guilty plea was entered*." (Emphasis supplied.) As recounted above, although the guilty plea was entered in the May term, Young was not sentenced pursuant to the plea until the next August term. And Young then filed his pro se motion to withdraw his guilty plea in the month of October, which was also during that same August term when the sentence was entered. See OCGA § 15-6-3 (30) (A) (the next term of court did not start until the first Monday in November). Accordingly, contrary to the trial court's dismissal order, Young's motion to withdraw his guilty plea was timely in that it was filed during the same term of court that the sentence was entered, and the trial court

4

therefore had jurisdiction to entertain the motion. The trial court therefore erred in dismissing Young's pro se motion to withdraw his guilty plea on the basis that it lacked jurisdiction to rule on the motion.

Moreover, we note that the right to counsel obtains at proceedings on motions to withdraw a guilty plea.

> [i]n *Fortson v. State*, 272 Ga. 457 (532 SE2d 102) (2000), the Georgia Supreme Court held that a proceeding to withdraw a guilty plea is a critical stage of a criminal prosecution, and that the right to counsel attaches when a defendant seeks to withdraw a guilty plea, thus entitling that defendant to assistance of counsel. The court held further that the trial court has an obligation to provide counsel or to obtain a constitutionally valid waiver of counsel from the defendant who sought to withdraw his guilty plea.

*Ford v. State*, 312 Ga. App. 80, 81 (1) (717 SE2d 676) (2011) (citations and punctuation omitted). Here, it is not clear from the record if Young knowingly waived his right to counsel for the critical stage of seeking to withdraw his guilty plea. We therefore "reverse and remand this case to the trial court for a re-hearing on [Young's] motion to withdraw his guilty plea to be conducted in conformity with this opinion." Id. (citations and punctuation omitted).

*Judgment reversed and case remanded with direction. Andrews, P. J., and Ray, J., concur.*

5