# Court of Appeals
# of the State of Georgia

ATLANTA, ____August 10, 2015____

*The Court of Appeals hereby passes the following order:*

**A15A1567.  JOHN MICHAEL YOUNG v. THE STATE.**

In 2013, John Michael Young pled guilty to robbery and other crimes.  Young later filed a pro se motion to withdraw his guilty plea.  The trial court dismissed the motion on the grounds that it lacked jurisdiction because the motion had not been timely filed.  We reversed on appeal, holding that the motion had been timely filed, and we remanded for the trial court to consider the merits.  *Young v. State*, 328 Ga. App. 91 (761 SE2d 504) (2014). We also noted that Young had a right to counsel. Id. at 93.

On remand, the trial court appointed counsel to represent Young.  In December 2014, the court held a hearing on Young's motion to withdraw his guilty plea, after which the court announced orally that it intended to deny the motion.  On January 26, 2015, Young filed a pro se notice of appeal.  On March 20, 2015, the trial court entered a written order denying Young's motion.  On April 21, 2015, Young's counsel filed a notice of appeal.  We, however, lack jurisdiction to consider this appeal.

A notice of appeal must be filed within 30 days of entry of the order to be appealed.  OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court.  *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995).  Ordinarily, a prematurely filed notice of appeal ripens upon entry of the order to be appealed. See *Rodriguez-Nova v. State*, 295 Ga. 868 n.1 (763 SE2d 698) (2014).  But Young's premature pro se notice of appeal was a nullity because he was represented by counsel at the time.  See *Tolbert v. Toole*, 296 Ga. 357, 363 (767 SE2d 24) (2014) ("A criminal defendant in Georgia

does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect.") (citation and punctuation omitted). And counsel's notice of appeal, filed 32 days after entry of the trial court's order, was untimely. Accordingly, neither notice of appeal was effective to confer jurisdiction on this Court. This appeal is therefore DISMISSED for lack of jurisdiction. Young's motion to remand is DISMISSED as MOOT.

Because Young may be entitled to an out-of-time appeal, he is informed of the following in accordance with *Rowland v. State*, supra at 875-876: This appeal has been dismissed because your attorney failed to file a timely notice of appeal. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court grants your request, you – or your attorney if you are still represented by one – will have 30 days from the entry of that order to file a notice of appeal referencing the denial of your motion to withdraw your guilty plea. If the trial court denies your request, you – or your attorney if you are still represented by one – will have 30 days from the entry of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal.

The Clerk of Court is directed to send a copy of this order to Young and to Young's attorney, and the latter is also directed to send a copy to Young.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____08/10/2015_____
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*