**FOURTH DIVISION
BARNES, P. J.,
RAY and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**September 22, 2015**

# In the Court of Appeals of Georgia

A15A1446. ALLEN v. THE STATE.

McMILLIAN, Judge.

Appellant Rodney Allen entered negotiated guilty pleas to multiple charges[1] set out in two separate indictments on May 9, 2013. The trial court orally pronounced Allen's sentence and signed the final disposition sentencing sheet on that same day, but the final disposition was not stamped filed by the Clerk of the Dougherty County Superior Court until May 16, 2013. On June 7, 2013, Allen filed a pro se motion to withdraw his guilty pleas, and following a hearing at which Allen was represented by counsel, the trial court denied his motion. Allen now appeals from the denial of his motion, arguing that the withdrawal of his pleas is necessary to correct a manifest

---

[1] Allen was charged with armed robbery, robbery by sudden snatching, burglary, aggravated assault, and various firearm charges.

injustice because he was incompetent at the time he entered his pleas and that he is now incarcerated and serving a mandatory minimum 10 year sentence with violent offenders despite having no prior history of committing violent crimes. As more fully set forth below, we now affirm.

1. We first consider the question of whether the motion to withdraw guilty plea was timely filed such that the trial court retained jurisdiction to determine the merits of the motion. See *Rubiani v. State*, 279 Ga. 299, 299 (612 SE2d 798) (2005) ("Once the term of court in which a defendant was sentenced has expired, the only available means for an appellant to withdraw his guilty plea is through habeas corpus proceedings."). Although no statute sets forth the procedures by which a motion to withdraw a guilty plea may be entertained by the trial court after a sentence has been pronounced,[2] it is well settled that a "motion to withdraw a guilty plea must be filed within the same term of court as the sentence entered on the guilty plea." (Citation omitted.) *Lay v. State*, 289 Ga. 210, 212 (2) (710 SE2d 141) (2011). *McKiernan v. State*, 286 Ga. 756, 757 (692 SE2d 340) (2010); *Davis v. State*, 274 Ga. 865 (561

---

[2] Withdrawal of a guilty plea before judgment is governed by OCGA § 17-7-93 (b), which gives a defendant an absolute right to withdraw his or her plea any time before judgment is "pronounced." As used in this code section, our Supreme Court has held that "pronounced" means "orally announced." *State v. Germany*, 246 Ga. 455, 455 (1) (271 SE2d 851) (1980).

2

SE2d 119) (2002). "This is a judicially created rule, which evolved from the established common law tenet that a court cannot set aside or alter a judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during the original term." (Citations omitted.) *McKiernan*, 286 Ga. at 757.

Ordinarily, the term of court is readily determined. But here, the guilty plea was entered, and sentence was orally announced, reduced to writing and signed by the trial court on May 9, 2013, which was within the March term of court. OCGA § 15-6-3 (15). The May term of court began the following Monday on May 13, 2013,[3] and the final disposition and sentence were stamped filed by the clerk three days later on May 16, 2013. Allen then filed his motion to withdraw on June 7, 2013, which was also within the May term.

"An oral declaration as to what the sentence shall be is not the sentence of the court; the sentence signed by the judge is." *Curry v. State*, 248 Ga. 183, 185 (4) (281 SE2d 604) (1981). This is because "[w]hat the judge orally declares is no judgment until it has been put into writing and entered as such." (Citations and punctuation

_____

[3] Pursuant to OCGA § 15-6-3 (15) the terms of the Dougherty County Superior Court commence the second Monday in January, March, May, July, September and November.

omitted.) *Bradshaw v. State*, 163 Ga. App. 819, 820 (2) (296 SE2d 119) (1982). See also OCGA § 5-6-31 ("[t]he filing with the clerk of a judgment, signed by the judge, constitutes the entry of a judgment within the meaning of this article"); *Sharp v. State*, 183 Ga. 641, 642 (360 SE2d 50) (1987) (same). Thus, when the trial court orally pronounced sentence in one term, but the sentence was not signed and filed until the next term, as was the case here, the motion to withdraw was timely filed within the term in which the sentence was entered, that is, filed by the clerk. See *Young v. State*, 328 Ga. App. 91, 92-93 (761 SE2d 504) (2014) (although the sentence was orally announced in the prior term, defendant's "motion to withdraw his guilty plea was timely in that it was filed during the same term of court that the sentence was entered").

2. We now turn to the merits of Allen's appeal. "After sentencing, the decision on a motion to withdraw a guilty plea is within the trial court's discretion and withdrawal of the plea is allowed only when necessary to correct a manifest injustice. *Walden v. State*, 291 Ga. 260[, 261] (1) (728 SE2d 186) (2012); Uniform Superior Court Rule (USCR) 33.12. *Wright v. State*, 292 Ga. 825, 826 (1) (742 SE2d 468) (2013)." *Phelps v. State*, 293 Ga. 873, 876 (2) (750 SE2d 340) (2013). "The test for manifest injustice will by necessity vary from case to case, but it has been said that

withdrawal is necessary to correct a manifest injustice if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges." (Citation omitted.) *Williams v. State*, 318 Ga. App. 744, 745 (734 SE2d 745) (2012). "The trial court is the final arbiter of all factual issues raised by the evidence, and its refusal to allow a withdrawal will not be disturbed absent a manifest abuse of discretion." *Green v. State*, 324 Ga. App. 133, 133-134 (749 SE2d 419) (2013).

The crux of Allen's argument is that he was not competent to enter his pleas and thus it was not entered knowingly or voluntarily with an appreciation of the consequences of entering his plea. As to this issue, the record shows that at the time of the guilty plea hearing, the trial court had been made aware of Allen's mental health and substance abuse history, and it was placed on the record that Allen had been diagnosed with schizophrenia and anti-social personality disorder and that he was being given medication at the jail to control his conditions. The record further shows that Allen had undergone a mental health evaluation, and he had been deemed competent to stand trial. *Morrow v. State*, 266 Ga. 3 (463 SE2d 472) (1995) ("the standard of competency for pleading guilty is the same as the competency standard for standing trial"). Additionally, the trial court questioned Allen at the guilty plea

5

hearing to determine if he was oriented as to time, place, and person, and Allen gave appropriate responses to the trial court's questions. The trial court also questioned Allen to determine if he understood the nature of the charges against him and the mandatory nature of his sentence, whether he was satisfied with the services of his attorney, and the rights he was waiving. The court also advised him of his post-plea appeal rights, including his right to a court-appointed lawyer under certain circumstances, and determined that a factual basis existed for the plea.

At the hearing on the motion to withdraw, the trial court reviewed the steps it took to ascertain Allen's competency prior to accepting his guilty plea and made a finding that he would not have accepted Allen's guilty pleas "if [he] had had any hint" that he did not believe Allen was competent at the time he entered his pleas. The trial court also noted, as it did at the guilty plea hearing, that he followed the State's recommendation and sentenced Allen to the minimum amount of prison time and noted that he took Allen's mental health issues into account in imposing that sentence. Other than the fact that he had a history of mental illness and was taking psychotropic drugs to control his illness at the time he entered his guilty plea, Allen points to nothing to indicate that was not competent at the time he entered his guilty plea. Accordingly, we discern no abuse of discretion in the trial court's denial of the

6

motion on this basis. *Phelps*, 293 Ga. at 878 (2) (b). See also *Jones v. State*, 325 Ga. App. 845, 847 (2) (755 SE2d 238) (2014); *Williams*, 318 Ga. App. at 749.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur*.