**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 30, 2016**

# In the Court of Appeals of Georgia

A16A0249. HANTZ v. THE STATE.

MCFADDEN, Judge.

Lisa Hantz was convicted of driving under the influence of alcohol to the extent she was a less safe driver ("DUI") and speeding. She appeals, claiming that her trial counsel was ineffective in failing to file a plea in bar.[1] Because a single written judgment of conviction covers both her conviction for DUI and her plea to speeding, there was no basis for a plea in bar. The failure to file such a meritless plea does not constitute ineffective assistance of counsel. Accordingly, we affirm.

Construed in favor of the verdict, see *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence showed that at approximately 4:00 a.m., on December 28, 2014, a state patrol trooper saw Hantz driving her car on Interstate

---

[1] Hantz's motion to substitute counsel is granted.

75 in heavy rain at a speed of 90 miles per hour in a 65-miles-per-hour zone and veering into other lanes of traffic. The trooper stopped the vehicle and, upon approaching it, smelled alcohol on Hantz's breath, saw that her eyes were bloodshot and watery, and observed that she was slow of speech. Based on Hantz's admission that she had consumed an alcoholic beverage, her performance on field sobriety tests, and a roadside breath sample indicating the presence of alcohol, the trooper arrested Hantz for DUI. After the trooper read the implied consent notice to Hantz, she refused to submit to a state-administered breath test. The trooper issued citations to Hantz for DUI and speeding.

Thereafter, the state charged Hantz by accusation with the offenses of DUI and speeding. Hantz, with the assistance of counsel, pled not guilty to the charges and requested a jury trial. The case was called for trial on the morning of April 22, 2015. Immediately prior to selecting a jury, Hantz and the state informed the court that she was going to enter a negotiated guilty plea to the speeding offense and proceed to trial only on the DUI charge. The court then held the plea hearing, accepted Hantz's oral guilty plea to the speeding charge, and orally announced that it would follow the state's sentencing recommendation of 12 months probation and a $250 fine. At that time, however, Hantz did not sign or tender a written guilty plea to speeding and the

trial court did not enter a final written judgment of conviction and sentence on the speeding charge. Rather, immediately after the plea colloquy, the parties proceeded with the jury selection for the DUI trial. Once the jury was selected, the case stood in recess until the following morning.

The next day, April 23, 2015, the DUI charge was tried before the jury, which found Hantz guilty of the charge. Immediately after receiving the verdict and discharging the jury, the court held the sentencing hearing. At the conclusion of the hearing, the court orally announced a 12-month probated sentence for the DUI offense and stated that such sentence would run consecutive to the 12-month sentence for the speeding offense to which Hantz had pled guilty. Thereafter, on the same day, Hantz signed her written guilty plea to speeding, that written plea was filed in open court, and the trial court issued a single written order entering the judgments of conviction and sentences for the DUI and speeding offenses.

Hantz's trial attorney filed a motion for new trial, challenging the sufficiency of the evidence and an evidentiary ruling. The trial court denied the motion, and trial counsel filed a notice of appeal. Trial counsel subsequently withdrew from the case and new appellate counsel was appointed.

On appeal, Hantz claims that her trial counsel was ineffective in failing to file a plea in bar to prohibit the state from prosecuting the DUI charge after she had pled guilty to the speeding offense. This appeal is the earliest practicable opportunity for Hantz to have raised this claim of ineffectiveness of trial counsel since new appellate counsel was not appointed to represent her until after trial counsel had filed a notice of appeal from the denial of the motion for new trial. *Russell v. State*, 267 Ga. 865, 867 (4) (485 SE2d 717) (1997) (where appellate counsel was not appointed until after filing of notice of appeal, ineffectiveness of trial counsel claim made for first time on appeal was presented at earliest practicable moment).

> Generally, when the appeal presents the earliest practicable opportunity to raise an ineffectiveness claim, and the claim is indeed raised for the first time on appeal, our appellate courts remand the case to the trial court for an evidentiary hearing on the issue. . . . Remand is not mandated[, however,] if we can determine from the record that the defendant cannot establish ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (104 [SCt] 2052, 80 LE2d 674) (1984). Under *Strickland*, a defendant must show that trial counsel's performance was professionally deficient, and but for counsel's unprofessional errors, there exists a reasonable probability that the outcome of the proceeding would have been more favorable.

*Ruiz v. State*, 286 Ga. 146, 149 (2) (b) (686 SE2d 253) (2009) (citations and punctuation omitted).

4

In the instant case, we need not remand the case to the trial court for an evidentiary hearing because we can determine from the record that Hantz cannot establish ineffective assistance of counsel. In support of her ineffectiveness claim, Hantz relies on OCGA §§ 16-1-7 (b) and 16-1-8 (b) (1), arguing that 16-1-7 (b) requires all crimes arising from the same course of conduct to be prosecuted in a single prosecution and that under 16-1-8 (b) (1) a second prosecution is barred if it is for a crime that should been brought during the first prosecution. Thus, Hantz reasons, because she first pled guilty to the speeding offense, the subsequent prosecution for the DUI charge was barred because that charge should have been prosecuted with the speeding charge in a single prosecution. The claim is without merit.

OCGA § 16-1-8 (b) (1) provides, in pertinent part, that a "prosecution is barred if the accused was formerly prosecuted for a different crime . . . [and] *such former prosecution . . . [r]esulted in either a conviction or an acquittal* and the subsequent prosecution . . . is for a crime with which the accused should have been charged on the former prosecution[.]" (Emphasis supplied.) In this case, contrary to Hantz's argument, her guilty plea to speeding prior to the DUI trial did not result in a conviction. "As expressly defined in the criminal [c]ode, a 'conviction' includes a

5

final judgment of conviction entered upon a verdict or finding of guilty of a crime or upon a plea of guilty. OCGA § 16-1-3 (4). . . . [Thus, a c]onviction' is not the verdict [or guilty plea]; it is the judgment [entered] on the verdict or guilty plea." *Dorsey v. State*, 259 Ga. App. 254, 256 (576 SE2d 637) (2003) (citations and punctuation omitted).

Here, the trial court did not enter a final judgment of conviction on Hantz's oral guilty plea at the plea hearing. Rather, the judge simply announced that he would accept the plea and would impose the 12-month probated sentence recommended by the state. "An oral declaration as to what the sentence shall be is not the sentence of the court; the sentence signed by the judge is. This is because what the judge orally declares is no judgment until it has been put in writing and entered as such." *Allen v. State*, 333 Ga. App. 853, 854 (1) (777 SE2d 699) (2015) (citations and punctuation omitted). See also OCGA § 5-6-31 (the filing with the clerk of a judgment, signed by the judge, constitutes the entry of a judgment). Thus, "the criminal proceedings against [Hantz] were still pending in the trial court until such time as [her] sentence was entered in writing and became final." *Young v. State*, 328 Ga. App. 91, 92 (761 SE2d 504) (2014) (citation and punctuation omitted).

As recounted above, the trial judge did not enter the final written judgment of conviction and sentence on the guilty plea to speeding until after the DUI trial, at the same time and on the same order form as the judgment and sentence entered for the DUI offense. "Consequently, the appellant has not been subjected to any former prosecution within the meaning of OCGA §§ 16-1-7 (b) and 16-1-8 (b). It follows that the trial court [would not have erred] in denying [a] plea in bar." *Collins v. State*, 177 Ga. App. 758, 758-759 (1) (341 SE2d 288) (1986) (punctuation omitted). Trial counsel's failure "to file a meritless motion does not amount to ineffective assistance. Thus, [Hantz] has not shown that [her] attorney . . . performed deficiently by failing to file a [meritless] plea in bar prior to the [DUI] trial." *Riddick v. State*, 320 Ga. App. 500, 504 (4) (a) (740 SE2d 244) (2013) (citation omitted).

*Judgment affirmed. Miller, P. J. and McMillian, J., concur.*