**THIRD DIVISION**
**DILLARD, C. J.,**
**GOBEIL and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 19, 2019**

# In the Court of Appeals of Georgia

A19A0345. RYAN ANDREW MULLINS v. THE STATE.

GOBEIL, Judge.

Ryan Andrew Mullins appeals from an order of the Brantley County Superior Court dismissing his motion to withdraw his guilty plea for lack of jurisdiction. Mullins contends that the trial court erred in finding that his motion was filed outside the term of court in which he was sentenced and was therefore untimely. We agree and reverse the trial court's order.

The facts are undisputed and show that at a hearing held on September 6, 2017, Mullins pled guilty to two counts of child molestation, two counts of sexual exploitation of children, and a single count each of aggravated child molestation and aggravated sexual battery.[1] After accepting Mullins's plea, the trial court followed the

---

[1] The record shows that this was a negotiated guilty plea, with the State agreeing to nolle prosse four of 10 counts on which Mullins had been indicted,

State's sentencing recommendation and orally pronounced a sentence of life, with the first 25 years to be served in confinement and the remainder to be served on probation. The trial court reduced this sentence to writing, and the judge signed the written judgment of conviction and sentence on September 6, 2017. That document, however, was not filed with the clerk of court until October 9, 2017. Less than two weeks later, on October 20, 2017, Mullins filed a motion to withdraw his guilty plea. Following a hearing, the trial court dismissed that motion, and Mullins now appeals the order of dismissal.

Under Georgia law, "[a] motion to withdraw a guilty plea must be filed within the same term of court as the sentence entered on the guilty plea." *Brooks v. State*, 301 Ga. 748, 751 (2) (804 SE2d 1) (2017) (citation and punctuation omitted). A motion filed outside the term of court in which the sentence was entered is considered untimely, and a trial court lacks jurisdiction to consider an untimely motion to withdraw a guilty plea. Id. Brantley County has two terms of court per year and, during the time period relevant to this appeal, those terms began on the fourth

including one count of aggravated child molestation, one count of enticing a child for indecent purposes, and two counts of sexual exploitation of children.

2

Monday in January and the second Monday in September.[2] OCGA § 15-6-3 (41) (B) (2015). Thus, Mullins's guilty plea hearing was held, sentence was pronounced orally, and the sentencing order was signed on September 6, 2017, during the January 2017 term of court. The written judgment of conviction and sentence, however, was not entered until the September term of court, which began on September 11, 2017. And it was during that term of court that Mullins filed his motion to withdraw his guilty plea.

In dismissing Mullins's motion, the trial court found that because sentence was orally pronounced and the court signed the judgment of conviction and sentence during the January term of court, Mullins was required to file his motion to withdraw during that same term. This holding, however, is in direct conflict with relevant precedent. Georgia's appellate courts have long recognized that even where a judge orally pronounces a sentence, no sentence or conviction actually exists until it is reduced to writing and filed with the clerk of court. See *Curry v. State*, 248 Ga. 183, 185 (4) (281 SE2d 604) (1981); *Hantz v. State*, 337 Ga. App. 675, 678 (788 SE2d 567) (2016)*; Allen v. State*, 333 Ga. App. 853, 855 (1) (777 SE2d 699) (2015); *Young*

---

[2] In 2018, the General Assembly amended OCGA § 15-6-3 so that, effective January 1, 2019, the terms of the Brantley County Superior Court begin on the fourth Monday of February and August. OCGA § 15-6-3 (41) (B) (2018).

*v. State*, 328 Ga. App. 91, 92 (761 SE2d 504) (2014). See also OCGA § 5-6-31 ("[t]he filing with the clerk of a judgment, signed by the judge, constitutes the entry of a judgment"). And until the judgment of conviction and sentence is reduced to writing and filed with the clerk of court, criminal proceedings remain pending against the defendant. *Young*, 328 Ga. App. at 92.

Relying on the foregoing principles, this Court has held that under circumstances such as these, where sentence is pronounced during one term of court but the written order is not filed until the next term, a defendant's motion to withdraw his guilty plea is "timely filed within the term in which the sentence was entered, that is, filed by the clerk." *Allen*, 333 Ga. App. at 855 (1). See also *Hantz*, 337 Ga. App. at 678; *Young*, 328 Ga. App. at 92. Accordingly, and as the State concedes in its appellate brief,[3] the trial court erred in dismissing Mullins's motion to withdraw his guilty plea as untimely. We therefore reverse the order of dismissal and remand this case to the trial court for a decision on the merits of Mullins's motion.

*Judgment reversed and case remanded. Dillard, C. J., and Hodges, J., concur.*

---

[3] In the trial court, the State opposed the motion on the grounds that it was untimely. On appeal, however, the State concedes that in light of *Allen* and other relevant precedent, Mullins's motion to withdraw his guilty plea was timely.

4