**SECOND DIVISION
MILLER, P. J.,
MERCIER and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**DEADLINES ARE NO LONGER TOLLED IN THIS COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.**

**October 21, 2020**

# In the Court of Appeals of Georgia

A20A1565. PITTS v. THE STATE.

MILLER, Presiding Judge.

Brian Pitts seeks review after the trial court granted in part and denied in part his motion to terminate his sentence of probation imposed after he pled guilty to manufacturing marijuana. On appeal, he argues that the trial court exceeded its statutory authority when it shortened the length of his probation instead of terminating it and that the trial court violated his double jeopardy rights and abused its discretion by imposing additional punishment on him. Upon a close review of the record, we conclude that the trial court acted within its authority and that it did not impose any additional punishment on Pitts when it shortened his probation sentence. We therefore affirm.

In 2017, Pitts entered a negotiated guilty plea to one count of manufacturing marijuana (OCGA § 16-13-30 (j)). On June 2, 2017, the trial court sentenced Pitts as a first offender pursuant to OCGA § 42-8-60 to 10 years' probation and imposed a $10,000 fine.

In October 2019, Pitts filed a motion to terminate the remainder of his probation. Pitts argued that he had successfully completed 28 months of his probation without any violations or instances of bad behavior, that he had paid the fine in full, and that he was actively enrolled in college courses because he had plans to soon enter medical school. Following a hearing, the trial court denied Pitts' request to terminate his probation, but it instead ordered that Pitts' sentence would be shortened from ten years to six years and that his probation would thenceforth be unsupervised. This appeal followed.

1. Pitts first argues that the trial court exceeded its authority under OCGA § 17-10-1 (a) (5) (A) when it shortened his sentence instead of fully terminating his sentence. He specifically argues that there was no evidence in the record to indicate that continuing his probation would have served the standards and purposes of probation set out by statute. We disagree.

"The [trial court] is empowered to revoke any or all of the probated sentence, rescind any or all of the sentence, or, in any manner deemed advisable by the judge, modify or change the probated sentence . . . at any time during the period of time prescribed for the probated sentence to run." OCGA § 42-8-34 (g). Under OCGA § 17-10-1 (a) (5) (A), "the court may shorten the period of active probation supervision or unsupervised probation on motion of the defendant or on its own motion, or upon the request of a community supervision officer, if the court determines that probation is no longer necessary or appropriate for the ends of justice, the protection of society, and the rehabilitation of the defendant."

During the hearing, Pitts presented evidence that he lived in Florida during his probation and that he had fully paid off the $10,000 fine. Pitts noted that he had not been arrested for any crime, he had not violated any provision of his probation, and he had reported as directed by his supervising probation officer. Pitts also noted that he worked and attended college classes with a goal to enter medical school. Pitts maintained an "A" average in his classes. Pitts testified that, to attend medical school, he needed to perform background checks and that his active probation for a drug offense might present a problem for his enrollment. The State argued that Pitts had voluntarily agreed to a negotiated sentence of ten years and opposed any "greater

3

benefit" than unsupervised probation. The trial court acknowledged that Pitts had acted commendably in his attempts to reform himself, but it nevertheless observed that Pitts had been convicted of a serious offense, a conviction which would ordinarily be accompanied by a sentence of imprisonment.

Upon consideration of the evidence presented at the hearing, we conclude that the trial court did not abuse its authority when it balanced these factors and only reduced Pitts' probation sentence by four years instead of terminating it outright. We first observe that OCGA § 17-10-1 (a) (5) (A) provides that the court "may" shorten or terminate a defendant's probation upon motion, which indicates that the decision whether to shorten or terminate probation rests within the trial court's discretion. See, e.g., *Ross v. Small*, ___ Ga. App. ___ (2) n.6 (844 SE2d 535) (2020) ("The use of the word 'may' in this statute indicates that the trial court has discretion to order genetic testing rather than being required to do so."); *Stinnett v. State*, 214 Ga. App. 224, 225 (447 SE2d 165) (1994) (whether to grant first offender treatment is within the trial court's discretion because the statute states that a trial court "may" grant first offender treatment). The trial court here considered all the relevant factors and determined that the ends of justice only supported a four-year reduction instead of a full termination. We discern no abuse of discretion in the trial court's decision. See *Steele v. State*, 270

4

Ga. App. 488, 491 (606 SE2d 664) (2004) (court's announcement that it would decline to modify a sentence to be more lenient "based on the nature of the offense" was not an abuse of discretion) (punctuation omitted). See also *Todd v. State*, 172 Ga. App. 231 (2) (323 SE2d 6) (1984) ("[T]he trial court may give in its discretion any sentence prescribed by law for the offense, or probation.") (citation omitted).

2. Pitts next argues that the trial court abused its authority and discretion because the effect of the trial court's order was to improperly increase his punishment after he had already begun serving his sentence. Through this argument, it appears that Pitts is challenging the trial court's statements at the hearing that, if Pitts successfully completed six years of his probation (to end in June 2023), the court would terminate the balance of the probation. Pitts appears to be arguing that this statement from the trial court set a minimum of six years probation and that this minimum prevents him from seeking further relief from his sentence under the "behavioral incentive date" provision provided for in OCGA § 17-10-1 (a) (1) (B). Because Pitts is not eligible for this relief in the first place, the trial court did not improperly increase his punishment.

"Once a person has entered upon the execution of his sentence, the court is without power to change it by increasing the punishment. This is considered a

5

violation of the Fifth Amendment prohibition against double punishment or jeopardy." (Citation and punctuation omitted.) *Bell v. State*, 323 Ga. App. 751, 752 n.2 (748 SE2d 114) (2013). "However, it is well established that double jeopardy does not prohibit the imposition of any additional sanction that could, in common parlance, be described as punishment." (Citation and punctuation omitted.) Id. at 752.

Under OCGA § 17-10-1 (a) (1) (B),

> When a defendant with no prior felony conviction is . . . charged with felony offenses and is sentenced pursuant to subsection (a) or (c) of Code Section 16-13-2 or Article 3 of Chapter 8 of Title 42, and the court imposes a sentence of probation . . . the court shall include a behavioral incentive date in its sentencing order that does not exceed three years from the date such sentence is imposed. Within 60 days of the expiration of such incentive date, if the defendant has not been arrested for anything other than a nonserious traffic offense as defined in Code Section 35-3-37, has been compliant with the general and special conditions of probation imposed, and has paid all restitution owed, the Department of Community Supervision shall notify the prosecuting attorney and the court of such facts. The Department of Community Supervision shall provide the court with an order to terminate such defendant's probation which the court shall execute unless the court or the prosecuting attorney requests a hearing on such matter within 30 days of the receipt of such order.

During the hearing on Pitts' motion, after the trial court announced that it would revisit Pitts' probation in June 2023, a probation officer noted that Pitts would soon reach the three-year mark and therefore be eligible for an early termination of probation upon the submission of an order from the Department of Community Supervision. The probation officer informed the court that delaying the next consideration of Pitts' probation until 2023 could potentially harm Pitts' ability to seek an early termination. We note, however, that Pitts was convicted and sentenced on June 2, 2017. The "behavioral incentive date" provision provided in OCGA § 17-10-1 (a) (1) (B) did not become effective until July 1, 2017, see Ga. L. 2017, Act 226, § 2–1, and that provision also did not apply to persons such as Pitts that were sentenced as first offenders pursuant to OCGA § 42-8-60 until July 1, 2018. See Ga. L. 2018, Act 416, § 2–6; *Mays v. State*, 345 Ga. App. 562, 565-567 (814 SE2d 418) (2018) (under 2017 version of statute, "behavioral incentive date" provision did not apply to defendants sentenced as first offenders under OCGA § 42-8-60).[1]

---

[1] We further note that, because Pitts was sentenced before OCGA § 17-10-1 (a) (1) (B)'s effective date, the trial court did not provide him with a behavioral incentive date when he was sentenced, and there is no indication in the record that Pitts ever asked the trial court to provide such a date.

7

"Laws generally prescribe only for the future; they cannot ordinarily have a retrospective operation. And, the settled rule for the construction of statutes is not to give them a retrospective operation, unless the language so imperatively requires." (Citations and punctuation omitted.) *Hardin v. State*, 344 Ga. App. 378, 388-389 (2) (810 SE2d 602) (2018). No such retroactive language appears in OCGA § 17-10-1 (a) (1) (B) or in any of the relevant enacting laws.

> Moreover, even if OCGA § 17-10-[1] contained language requiring retroactive application, the ex post facto doctrine forbids the application of any new punitive measure to a crime already committed. . . . Because the current form of OCGA § 17-10-[1], which governs the punishment for certain [offenses,] reduces the amount of probation required for [sentencing], it alters the quality or degree of punishment for the crimes of which [Pitts] was convicted. Thus, this statute cannot retroactively apply to alter [Pitts'] sentences.

(Citations omitted.) Id. at 389 (2).

Because OCGA § 17-10-1 (a) (1) (B)'s "behavioral incentive date" provision cannot apply retroactively to Pitts, any impact the trial court's order might hypothetically have had on his ability to seek relief under that provision cannot constitute increased punishment. We therefore reject this enumeration of error.

8

3. Finally, Pitts argues that the trial court improperly increased the punishment by imposing limitations on the date on which his case can be terminated. Pitts argues that the trial court's hard minimum of six years' probation improperly limited "the authority of the Department of Community Supervision, any other trial court judge, and [Pitts] from seeking reconsideration of the issue for an extended period of time." We note however that, despite the trial court's oral statement at the hearing that it would not revisit Pitts' probation sentence until June 2023, the trial court's written order simply reduced Pitts' sentence to six years and rendered the balance of his probation unsupervised. Indeed, it specifically noted that "[a]ll other terms and conditions of the original sentence shall remain in place." We see no indication, therefore, that the trial court ever restricted Pitts' ability to seek further reductions in his probation in the future or that it prevented the Department of Community Supervision from making its required reports on Pitts' progress under OCGA § 42-8-37 or otherwise affected the Department's ability to make recommendations under that same statute. See *Allen v. State*, 333 Ga. App. 853, 854 (1) (777 SE2d 699) (2015) ("An oral declaration as to what the sentence shall be is not the sentence of the court; the sentence signed by the judge is.") (citation omitted); see also *State v. McCargo*, 352 Ga. App. 501, 503 (835 SE2d 317) (2019) ("[A] trial court's written

9

order controls over any oral statements made at the hearing.") (citation omitted). Because the trial court did not actually impose any limitations on Pitts' ability to seek relief, it cannot be said that it increased the punishment in this manner, and so this enumeration is without merit.

To be sure, we completely agree with Pitts that he has exceeded all expectations in his attempts to reform himself following his conviction. If we were sitting as the ultimate decider of Pitts' motion, we might very well have reached a different conclusion than the court below did. The fact remains, nevertheless, that the trial court here committed no reversible error when it reduced his probation under the First Offender Act instead of dismissing it as having been fully completed. Accordingly, we reject Pitts' claims of error and affirm the trial court's order modifying his sentence of probation.

*Judgment affirmed. Mercier and Coomer, JJ., concur.*