**FOURTH DIVISION**
**DILLARD, P. J.,**
**BROWN and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 21, 2024**

# In the Court of Appeals of Georgia

A24A1042. THE STATE v. HARRIS.

BROWN, Judge.

The State appeals from an order by the State Court of Carroll County granting Ted Bryant Harris' plea in bar to driving under the influence charges and failure to maintain a lane based upon his previous payment of fines in the Villa Rica Municipal Court for an open container violation and failing to maintain a lane. The State contends that the trial court erred because "[t]he traffic tickets were not adjudicated and disposed of" and the prosecutor did not have actual knowledge that the tickets had been paid. For the reasons explained below, we reverse the trial court's grant of the plea in bar.

On appeal from the grant or denial of a double jeopardy plea in bar, we review the trial court's oral and written rulings as a whole to

determine whether the trial court's findings support its conclusion. When the facts are undisputed, our review of the trial court's application of the law to those facts is de novo. The trial court's factual findings are assessed under the standard of clear error.

(Citations and punctuation omitted.) *Maxwell v. State*, 311 Ga. 673, 676 (2) (859 SE2d 58) (2021). In this case, the trial court held a hearing on Harris' plea in bar and entered a written order after the hearing stating that it "weighed the evidence and arguments presented by the State and Defendant" at the hearing; it granted the plea in bar in the same order without explanation.

The record shows that on November 28, 2019, Harris received a separate "Georgia Uniform Traffic Citation, Summons and Accusation" for three offenses (driving under the influence of alcohol, failure to maintain a lane, and possession of an open alcohol container) that the parties agree arose from the same conduct. On the same day, Harris posted a bond in the amount of $3,390 to the City of Villa Rica, in which he acknowledged that he was required to appear on February 14, 2020.

Harris testified that he went to the Municipal Court Office in Villa Rica at least three times, but he had to reschedule because the only option "at that point" of the COVID pandemic was to enter a plea of guilty. At some point before August 12, 2020,

he received a notice of "License Suspension Warning" from the Villa Rica Municipal Court stating:

> You are hereby notified that you have one or more citations overdue in this court. Failure to pay this fine (by cash or money-order) or settle this matter with the court within 30 days from the above date[, August 12, 2020,] WILL RESULT IN YOUR LICENSE BEING SUSPENDED, AN FTA ACCUSATION ISSUED, AND A WARRANT ISSUED FOR YOUR ARREST.
>
> Please respond promptly to have this matter disposed of as soon as possible.

A printed signature line for the Clerk of Court for the Villa Rica Municipal Court appeared below the notice along with a list of the three tickets, and a listing of "Fine + Fees" in the amount of $1,265 for the driving under the influence citation and $165 for each of the citations for the open container and failure to maintain a lane. An assistant court clerk for the City of Villa Rica described this notice as a "30-day letter" issued after someone misses a court date; Harris missed an August 7, 2020 court date.

On September 30, 2020, Harris paid $165 for each of the ticket numbers relating to the failure to maintain a lane and the open container charges, and a receipt he received listed the balance for each ticket as zero and a court date of October 9,

2020. He also paid $200, which he described as the "the bare minimum to get me through, so I could keep my license" on "the big one."

On October 9, 2020, the Villa Rica Municipal Court transferred the case to the State Court of Carroll County because Harris demanded a trial by jury. On November 12, 2020, the solicitor in the State Court of Carroll County charged Harris in an accusation with two counts of driving under the influence and failure to maintain a lane.

Counsel for Harris subsequently filed a plea in bar, alleging that his payment of the tickets under threat of a license suspension was "a guilty plea as a matter of law" precluding continued prosecution of Harris in the State Court of Carroll County. In a hearing on the plea in bar, the State asserted that the payments made by Harris were bond payments that were never subsequently adjudicated by a court and forfeited. Indeed, the parties agreed that at the time of the February 6, 2024 hearing, Harris' driving record did not include a disposition for the open container and failure to maintain a lane citations. The assistant court clerk testified that the $530 previously paid by Harris was sent to the Clerk of Court for the State Court of Carroll County on October 9, 2020, when the case was bound over to that court. After hearing the

evidence, the trial court concluded Harris received a license suspension warning that said "you have to dispose, take care of it and respond promptly to have the matter disposed of as soon as possible. . . . They accepted his money. And I think that moving forward here would be a violation of his rights."

We agree with the State's contention on appeal that the trial court erred by granting the plea in bar because the citations were not actually adjudicated and disposed of in the Villa Rica Municipal Court.

> The constitutional rule against double jeopardy is … expressed in various terms but basically provides that no person shall be put in jeopardy of life or liberty more than once for the same offense. It is a simple and concise statement of law. Unfortunately, it has become confused because many courts have not distinguished its application to the bar of successive prosecutions and the bar to multiple convictions. The bar to successive prosecutions is referred to as the procedural aspect of the double jeopardy rule. The rationale behind the bar to successive prosecutions is to prevent harassment of the accused. The bar to multiple convictions is referred to as the substantive aspect. The rationale behind the bar to multiple convictions is to prevent multiple and excessive punishments.

> . . .

These constitutional double jeopardy protections are enhanced by additional statutory protections provided under state law. Because the Georgia Code expands the proscription of double jeopardy beyond that provided for in the United States and Georgia Constitutions, all questions of double jeopardy in Georgia must now be determined under OCGA §§ 16-1-6 through 16-1-8. Unlike constitutionally based double jeopardy, statutory procedural double jeopardy extends the concept of res judicata to the successive prosecution of different crimes arising from the same conduct in situations where the State should have prosecuted the different crimes in a single proceeding.

(Citation, punctuation, and emphasis omitted.) *Maxwell*, 211 Ga. at 676, 677 (2).

OCGA § 16-1-7 (b) requires all crimes arising from the same course of conduct to be prosecuted in a single prosecution, and under OCGA § 16-1-8 (b) (1), a second prosecution is barred if it is for a crime that should have been brought during the first prosecution. As relevant here, OCGA § 16-1-8 (b) (1) provides that a "prosecution is barred if the accused was formerly prosecuted for a different crime … [and] such former prosecution . . . [r]esulted in either *a conviction or an acquittal* and the subsequent prosecution . . . is for a crime with which the accused should have been charged on the former prosecution[.]" (Emphasis supplied.)

6

As we have previously explained, "a 'conviction' includes a final judgment of conviction entered upon a verdict or finding of guilty of a crime or upon a plea of guilty. OCGA § 16-1-3 (4). Thus, a 'conviction' is not the verdict or guilty plea; it is the judgment entered on the verdict or guilty plea." (Citation and punctuation omitted.) *Hantz v. State*, 337 Ga. App. 675, 678 (788 SE2d 567) (2016). With regard to payment of a fine for a traffic offense, we have repeatedly held that a defendant has not been subjected to a former prosecution under OCGA §§ 16-1-7 (b) and 16-1-8 (b) in the absence of a dispositional order by a judicial officer. See *Brown v. State*, 251 Ga. App. 569, 571-572 (554 SE2d 760) (2001) (defendant was not subject to former prosecution by virtue of having paid a fine for a seat belt violation); *Collins v. State*, 177 Ga. App. 758 (1) (341 SE2d 288) (1986) (defendant not subject to former prosecution after clerk accepted payment of fine for speeding ticket). Compare *State v. Kennedy*, 216 Ga. App. 405 (454 SE2d 600) (1995) (affirming trial court's grant of plea in bar of vehicular homicide charge where defendant paid traffic ticket for driving on the wrong side of the road, her bond was forfeited in open court, and an order from state court judge approving the bond forfeiture and disposing of case was filed). As the

record before the trial court contained no evidence of a previous disposition order by a judicial officer, we reverse the trial court's grant of Harris' plea in bar.[1]

*Judgment reversed. Dillard, P. J., and Padgett, J., concur.*

---

[1] Based on this holding, we need not address the State's argument with regard to the knowledge of the prosecuting officer.