**FIFTH DIVISION
MCFADDEN, P. J.,
HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**May 14, 2025**

# In the Court of Appeals of Georgia

A25A0579. LOLLIS v. THE STATE.

PIPKIN, Judge.

Appellant Brandon Lollis appeals the trial court's order dismissing as untimely his motion to withdraw guilty plea. Lollis argues that the motion was timely because at the time he filed his motion, the trial court had yet to determine the amount of restitution he owed as part of his sentence; thus, Lollis asserts, his sentence was not yet final when his motion was final. For the reasons set forth below, we affirm.

The undisputed facts show that on November 22, 2023, during the August term of the Toombs County Superior Court, see OCGA § 15-6-3 (24) (D), Lollis entered an Alford[1] plea to one count of aggravated assault. The trial court sentenced Lollis as

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (91 SCt 160, 27 LE2d 162) (1970).

a first offender to a 10-year probated sentence, and directed him to pay restitution in an amount "to be determined" at a later hearing. Lollis acknowledged in his plea petition and at the sentencing hearing that he would be required to pay restitution in a later-determined amount. The trial court entered a final disposition and sentence at the close of the sentencing hearing and these documents were filed with the Toombs County Clerk that same day.

A restitution hearing was held on February 15, 2024, during the November term of court, see OCGA § 15-6-3 (24) (D), after which the trial court ordered Lollis to pay approximately $32,000 in restitution to the victim. Two months later, in the February term of court, see id., Lollis filed a motion to withdraw his guilty plea. The trial court dismissed the motion, concluding that it lacked jurisdiction to hear the motion because it was filed outside the term of court in which Lollis was sentenced. Lollis now appeals.

Lollis' sole contention before this Court is that his sentence was "not fully or finally imposed until the February term" because, although he pled guilty and was sentenced in the November term, the issue of restitution was not fully decided until the February term. We are not persuaded. "It is well settled that when the term of

2

court has expired in which a defendant was sentenced pursuant to a guilty plea the trial court lacks jurisdiction to allow the withdrawal of the plea." (Citation and punctuation omitted.) *Jacobo v. State*, 358 Ga. App. 129, 129 (854 SE2d 328) (2021). Georgia's appellate courts have long recognized that a judgment of conviction and sentence is final when it is reduced to writing and filed with the clerk of court. See *Mullins v. State*, 349 Ga. App. 890, 891 (827 SE2d 448) (2019) (collecting cases supporting the preposition that a sentence is final when it is written and filed with the clerk of court).

Here, Lollis expressly acknowledged and agreed that, as a condition of his probation, he would pay restitution to the victim and, further, that a restitution hearing would be held at a later time. His sentence was then reduced to writing and filed with the clerk during the November term of court. Lollis has provided no precedential or statutory authority to support his proposition that a sentence is not final until the amount of restitution owed is determined. Indeed, established case law and statutory authority provide that restitution may be determined after a defendant's sentencing. See OCGA § 17-14-7 (b) ("If the parties have not agreed on the amount of restitution *prior to sentencing*, the ordering authority shall set a date for a hearing to

determine restitution.") (emphasis supplied)). See also *Williams v. State*, 311 Ga. App. 152, 153 (1) (715 SE2d 440) (2011) ("There is no statutory mandate as to when [a] restitution hearing must occur."); *Harris v. State*, 261 Ga. 859, 861 (2) n.1 (413 SE2d 439) (1992) (noting that a trial court may defer an initial decision on the amount of restitution owed until a later hearing). Accordingly, there is no merit to Lollis' argument that a defendant's sentence is not final until the amount of restitution owed is set.

Based on the foregoing, we agree with the trial court's conclusion that it lacked jurisdiction to hear Lollis' untimely motion to withdraw his guilty plea, and we affirm the trial court's dismissal of that motion.

*Judgment affirmed. McFadden, P. J., and Hodges, J., concur.*